DEVERIE J. CHRISTENSEN, ESQ.
Nevada State Bar No. 6596
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email:   deverie.christensen@jacksonlewis.com
          joshua.sliker@jacksonlewis.com

*Attorneys for Defendant Allegiant Air, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION; AIRLINE PROFESSIONALS ASSOCIATION TEAMSTERS LOCAL UNION NO. 2118,<br><br>*Plaintiffs*,<br><br>vs.<br><br>ALLEGIANT AIR, LLC,<br><br>*Defendant*. | Case No. 2:21-cv-00374-KJD-DJA<br><br>**STIPULATION TO EXTEND DISPOSITIVE MOTIONS DEADLINE**<br><br>**(THIRD REQUEST)** |

Plaintiffs, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, AIRLINE DIVISION; and AIRLINE PROFESSIONALS ASSOCIATION TEAMSTERS LOCAL UNION NO. 2118 ("Plaintiffs"), by and through their counsel of record, The Urban Law Firm; and Defendant ALLEGIANT AIR, LLC ("Defendant"), by and through its counsel of record, Jackson Lewis, P.C. and Jones Day, stipulate and request that the Court extend the dispositive motions deadline, which is currently March 28, 2022, by sixty (60) days, to May 27, 2022.  This is the third stipulation or request for an extension of time to file dispositive motions in this matter.  As explained in detail below, there is good cause to grant this stipulation pursuant to LR 26-3.  In support of this stipulation, the parties state as follows:

1. Plaintiffs filed their complaint on March 5, 2021.  (Dkt. 1).  In that pleading, Plaintiffs allege that Defendant has breached the terms of the parties' collective bargaining agreement by refusing

to arbitrate over a grievance challenging how Defendant creates pilot schedules.

2. On March 30, 2021, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, in which it argues that the Court lacks jurisdiction because (1) the parties in this case are subject to the Railway Labor Act ("RLA") and not the Labor Management Relations Act; (2) under the RLA, Plaintiffs' claim is a minor dispute over which this Court lacks subject matter jurisdiction; and (3) Plaintiffs' request for an affirmative injunction ordering arbitration is barred by the Norris-LaGuardia Act. (Dkt. 5). Plaintiffs disagreed with these contentions and filed an opposition on April 13, 2021. (Dkt. 12). Defendant filed its reply in support of that motion on April 2021. (Dkt. 14). Defendant's motion has been fully briefed and is ripe for resolution by the Court.

3. On May 14, 2021, the parties submitted their Joint Discovery Plan and Scheduling Order. (Dkt. 15). As the parties explained in that filing, given the nature of this case, the parties did not anticipate a need for discovery, believe that this case should be decided based on dispositive motions, and that no trial will be needed.

4. On May 17, 2021, the Court adopted the parties' proposed schedule, and entered an order setting forth the following deadlines:

    a. June 29, 2021 – deadline to file amended pleadings;

    b. September 27, 2021 – deadline to complete discovery; and

    c. October 27, 2021 – deadline to file dispositive motions (Dkt. 18).

5. Because the parties do not believe a trial will be needed, no trial date or deadline for joint pre-trial motions have been set in this case.

6. Neither party elected to conduct discovery, and pursuant to the Court's Scheduling Order, discovery has closed in this case. The parties are not seeking to reopen discovery or extend that deadline through this stipulation. Nor are the parties seeking to change the deadline for amended pleadings.

7. On October 14, 2021, the parties requested that the Court grant relief from the then-current dispositive motion deadline of October 27, 2021. (Dkt. 20). On October 20, 2021, the Court granted in part and denied in part the parties' request, and extended the deadline to file dispositive motions to January 27, 2022. (Dkt. 24). On January 4, 2022, the parties jointly requested the Court extend the dispositive motions deadline that was set on January 27, 2022. (Dkt. 24). The Court granted that motion on January

5, 2022, and extended the dispositive motions deadline to March 28, 2022. (Dkt. 25).

8. The parties hereby request that the Court extend the dispositive motions deadline for sixty days. As noted in the parties' initial requests, the Court's resolution of Defendant's pending motion to dismiss will, in all likelihood, eliminate the need to file additional briefing. Moreover, any motions for summary judgment would likely be based on the same evidence and arguments already presented in support of and opposition to Defendant's motion to dismiss.[1] As such, extending the dispositive motions deadline to permit the Court to first rule on Defendant's pending motion to dismiss would avoid unnecessary duplication of work, and conserve Court and party resources.

9. Therefore, for all the reasons set forth herein and for good cause having been shown, the parties stipulate and request that the Court enter an order extending the dispositive motions deadline, which is currently March 28, 2022, by sixty (60) days, to May 27, 2022.

Dated: March 7, 2022

**THE URBAN LAW FIRM**

*Michael A. Urban*
MICHAEL A. URBAN, ESQ.
Nevada Bar No. 3875
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: 702.968.8087
Facsimile: 702.968.8088
Email: murban@theurbanlawfirm.com

*Attorney for Plaintiffs*

Dated: March 7, 2022

**JACKSON LEWIS P.C.**

*Joshua A. Sliker*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493

**JONES DAY**
DOUGLAS W. HALL, ESQ.
(Admitted *Pro Hac Vice*)
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Email: dwhall@jonesday.com

AARON S. MARKEL
(Admitted *Pro Hac Vice*)
150 West Jefferson Avenue, Suite 2100
Detroit, Michigan 48226
Telephone: (313) 230-7929
Email: amarkel@jonesday.com

*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED.

HON. DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: March 8, 2022

---

[1] Because Defendant's motion to dismiss was based on a lack of jurisdiction pursuant to Rule 12(b)(1), the parties could – and did – submit declarations that the Court may consider in deciding the motion.